No. 03-1420
(Senior Judge Bruggink)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

THRUSTMASTER OF TEXAS, INC.,

Plaintiff,

v.

THE UNITED STATES

Defendant.

# DEFENDANT'S MOTION TO DISMISS

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

ROBERT E. KIRSCHMAN, JR.
Assistant Director

OF COUNSEL:

TIMOTHY RYAN, CPT.
United States Department
of the Army
U.S. Army Litigation Center
Attn: DAJA-LT
901 N. Stuart St. Suite 400
Arlington, VA, 22203-1837

CLAUDIA BURKE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn:Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele:(202) 353-9063
Fax: (202) 307-0972

October 16, 2003

Attorneys for Defendant

TABLE OF CONTENTS

TABLE OF AUTHORITIES.............................................ii

DEFENDANT'S MOTION TO DISMISS....................................1

STATEMENT OF FACTS...............................................2

ARGUMENT.........................................................4

I. Plaintiff Bears The Burden Of Proving That This Court Possesses Jurisdiction To Entertain Its Claims....................................4

II. This Court Lacks Jurisdiction To Entertain The Complaint Because The Complaint Sounds In Admiralty.....................5

III. This Court Lacks Jurisdiction To Entertain The Complaint Insofar As It Seeks Money Because Thrustmaster Failed To Submit A Claim Or To Obtain A Final Decision Before Filing Its Complaint With This Court..................7

A. The Jurisdiction Of This Court Is Limited........7

B. The Court Does Not Possess Jurisdiction To Entertain A Claim That A Contractor Has Not Presented To The Contracting Officer.............8

C. A Termination For Default Is A Government Claim Separate And Distinct From Any Contractor Claim For Resulting Costs Or Damages............10

CONCLUSION......................................................14

# TABLE OF AUTHORITIES

## FEDERAL CASES

Alaska Pulp Corp. v. United States,
38 Fed. Cl. 141 (1997) . . . . . . . . . . . . . . . . . . . . 4

Arono, Inc. v. United States,
49 Fed. Cl. 544 (2001) . . . . . . . . . . . . . . . . . . . . 9

Atlanta Appraisal Services, Inc. v. United States,
54 Fed. Cl. 51 (2002) . . . . . . . . . . . . . . . . . . . . . 9

Cosmic Construction Co. v. United States,
697 F.2d 1389 (Fed. Cir. 1982) . . . . . . . . . . . . . . . . 8

Dalton v. Southwest Marine, Inc.,
120 F.3d 1249 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . 5

Deponte Investments, Inc. v. United States,
54 Fed. Cl. 112 (2002) . . . . . . . . . . . . . . . . . . . . 13

Dynalectron Corp. v. United States,
4 Cl. Ct. 424 aff'd, 758 F.2d 665 (Fed. Cir. 1984) . . . . . . 7

Earth Burners, Inc. v. United States,
43 Fed. Cl. 481 (1999) . . . . . . . . . . . . . . . . . . . . 10

Fidelity Construction Co. v. United States,
700 F.2d 1379 (Fed. Cir. 1983) . . . . . . . . . . . . . . . . 8

James M. Ellett Construction Co. v. United States,
93 F.3d 1537 (Fed. Cir. 1996) . . . . . . . . . . . . . . . . . 9

Kit-San-Azusa, J.V. v. United States,
32 Fed. Cl. 647 (1995) . . . . . . . . . . . . . . . . . . . . 12

Library of Congress v. Shaw,
478 U.S. 310 (1986) . . . . . . . . . . . . . . . . . . . . . . 8

Lisbon Contractors, Inc. v. United States,
828 F.2d 759 (Fed. Cir. 1987) . . . . . . . . . . . . . . . . . 10

Malone v. United States,
849 F.2d 1441 modified on rehearing, 857 F.2d 787 (Fed. Cir.
1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Marine Logistics, Inc. v. England, Secretary of the Navy,

265 F.3d 1322 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . 5

New Bedford Dry Dock Co. v. Purdy,
258 U.S. 96 (1922) . . . . . . . . . . . . . . . . . . . . . 6

Northwest Marine Iron Works v. United States,
203 Ct. C 493 F.2d 652 (1974) . . . . . . . . . . . . . . . . . 6

Pacrim Pizza Co. v. Pirie,
304 F.3d 1291 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . 8

Paragon Energy Corp. v. United States,
227 Ct. C 645 F.2d 966 (1981), aff'd, 230 Ct. (1982) . . . . 9

Reliance Insurance Co. v. United States,
931 F.2d 863 (Fed. Cir. 1991) . . . . . . . . . . . . . . . . 9

Rex System, Inc. v. Cohen,
224 F.3d 1367 (Fed. Cir. 2000) . . . . . . . . . . . . . . . . 9

Reynolds v. Army and Air Force Exchange Service,
846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . . . . . . . . 4

Sharman Co. v. United States,
2 F.3d 1564 (Fed. Cir. 1993), overruled on other grounds,
Reflectone, Inc. v. Dalton, 60
F.3d 1572 (Fed. Cir. 1994) . . . . . . . . . . . 10, 11, 12, 13

Southwest Marine of San Francisco, Inc. v. United States,
896 F.2d 532 (Fed. Cir. 1990) . . . . . . . . . . . . . . . . 5

Thoen v. United States,
765 F.2d 1110 (Fed. Cir. 1985) . . . . . . . . . . . . . . . . 4

*Thomson v. Gaskill*,
315 U.S. 442 (1942) . . . . . . . . . . . . . . . . . . . . . 4

Tucker v. Alexandroff,
183 U.S. 424 (1902) . . . . . . . . . . . . . . . . . . . . . 6

Umpqua Marine Ways, Inc. v. United States,
925 F.2d 409 (Fed. Cir. 1991) . . . . . . . . . . . . . . . . 6

United States v. King,
395 U.S. 1 (1969) . . . . . . . . . . . . . . . . . . . . . . 8

United States v. Mitchell,
445 U.S. 535 (1980) . . . . . . . . . . . . . . . . . . . . . 8

United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . . . . 7

Volmar Construction, Inc. v. United States,
32 Fed. Cl. 746 (1995) . . . . . . . . . . . . . . . . . . . . 12

W.M. Schlosser Co., Inc. v. United States,
705 F.2d 1336 (Fed. Cir. 1983) . . . . . . . . . . . . . . . . 9

Witherington Construction Corp. v. United States,
45 Fed. Cl. 208 (1999) . . . . . . . . . . . . . . 9, 10, 12, 13

**FEDERAL STATUTES**

46 U.S.C. §§ 742, 782 (1998) . . . . . . . . . . . . . . . . . 5

41 U.S.C. §§ 601 et seq . . . . . . . . . . . . . . . . . . . . 1

41 U.S.C. § 605 . . . . . . . . . . . . . . . . . . . . . . . . 13

41 U.S.C. § 605(a) . . . . . . . . . . . . . . . . . . . . 1, 9, 10

28 U.S.C. § 1491(a) . . . . . . . . . . . . . . . . . . . . . . 8

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THRUSTMASTER OF TEXAS, INC., Plaintiff | ) | |
| v. | ) | No. 03-1420C (Senior Judge Bruggink) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") and 41 U.S.C. § 605(a), defendant respectfully requests that the Court dismiss the complaint for lack of jurisdiction. This case sounds in admiralty, therefore, this Court does not possess jurisdiction to entertain the complaint.

In the alternative, defendant also requests that the Court dismiss the claims for monetary compensation presented by the complaint. The Court does not possess jurisdiction to award plaintiff, Thrustmaster of Texas, Inc. ("Thrustmaster"), any damages because Thrustmaster has not submitted any claim to the contracting officer pursuant to the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. §§ 601 et seq.

The complaint challenges a contracting officer's decision to terminate for default a portion of a contract that Thrustmaster was performing for the United States Army Transportation Center ("Army") through a delivery order placed against a General

Services Administration ("GSA") contract. Pursuant to the contract, Thrustmaster was to provide three bow thruster tunnel units to be used in three of the Army's Logistics Supply Vessels ("LSV"). Installation of these thrusters was part of routine modernization and service for these vessels. Because vessel repair falls squarely within maritime law, this Court does not possess jurisdiction to entertain the complaint.

In addition, this contracting officer's decision to terminate the contract for default presents a Government claim, which the Court possesses jurisdiction to review, but the contracting officer's decision did not address a claim for money. Thrustmaster has not, to date, presented any claim for money to the contracting officer. Because a decision to terminate a contract for default is separate and distinct from a decision on any contractor claim for termination costs or damages, the Court does not possess jurisdiction to entertain the complaint insofar as it seeks damages. Accordingly, the complaint's damages allegations should be struck.

STATEMENT OF FACTS

The Army and Thrustmaster entered into contract number GS-07F-0204J, effective on or about April 22, 1999. Complaint ("Compl.") ¶ 6. This contract required Thrustmaster to supply an indefinite number of WorkMaster Deck-Mounted Outboard Hydraulic Propulsion units to the Army for orders placed between May 1,

1999 and April 30, 2004. Compl. ¶ 6. The contract was later amended to include Thrustmaster's mechanical bow thruster tunnel. Compl. ¶9.

During 2001, three of the Army's LSVs were scheduled for routine maintenance. This maintenance was to be performed while the vessels were drydocked. In June, 2001, the Army placed an order under the contract for three bow thrusters. Compl. ¶ 11. After Thrustmaster failed to deliver the bow thrusters, the Army terminated the contract for default. Compl. ¶ 36. On June 10, 2002, the Army notified Thrustmaster of its final decision to terminate for default. Compl. ¶ 52. Thrustmaster has not, to date, presented any claim to the Army for damages or costs resulting from termination of the contract.

On June 9, 2003, Thrustmaster filed the pending complaint at this Court. The complaint alleges that the termination for default was improper. See, e.g., Compl. ¶ 5.

The complaint also references claims for money damages. Specifically, the prayer for relief seeks "an order to the Army to award proper and appropriate compensation to Thrustmaster under the Schedule Contract's termination for convenience provisions."

This motion seeks an order dismissing the complaint in its entirety because the contract was intended to provide items used for routine maintenance of active vessels. Because routine

maintenance and repair of active vessels falls under the purview of admiralty law, this Court does not possess jurisdiction to entertain the complaint.

In the alternative, this motion seeks an order dismissing the complaint's claims for money by striking any reference to a claim for money damages because the Court does not possess jurisdiction to entertain a claim for money damages.

## ARGUMENT

### I. Plaintiff Bears The Burden Of Proving That This Court Possesses Jurisdiction To Entertain Its Claims

To withstand a Rule 12(b)(1) motion to dismiss, a plaintiff bears the burden of proving the allegations supporting jurisdiction. Alaska Pulp Corp. v. United States, 38 Fed. Cl. 141, 144 (1997). Where the court's jurisdiction is put in question, plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." Reynolds v. Army and Air Force Exchange Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). If a motion to dismiss for lack of subject matter jurisdiction challenges the truth of the jurisdictional facts alleged in the complaint, this Court may consider relevant evidence to resolve disputed facts. Reynolds, 846 F.2d at 747; accord Thomson v. Gaskill, 315 U.S. 442, 446 (1942) ("if a plaintiff's allegations of jurisdictional facts are challenged . . . , [it] bears the burden of supporting the allegations by competent proof"). If the Court finds jurisdiction lacking as a

matter of law, dismissal is required. Thoen v. United States, 765 F.2d 1110, 1116 (Fed. Cir. 1985). As we establish below, Thrustmaster has failed to meet this burden concerning the subject matter jurisdiction of this Court to entertain maritime contracts, and its requests for money damages.

## II. This Court Lacks Jurisdiction To Entertain The Complaint Because The Complaint Sounds In Admiralty

This Court does not possess jurisdiction to entertain this complaint because the case sounds in admiralty. "Jurisdiction over matters arising in admiralty, including maritime contracts, has traditionally been with the federal district courts." Southwest Marine of San Francisco, Inc. v. United States, 896 F.2d 532, 534 (Fed. Cir. 1990). Specifically, the Suits in Admiralty Act provides that a proceeding in admiralty involving the United States must be brought in the district court. See 46 U.S.C. §§ 742, 782 (1998); see also Dalton v. Southwest Marine, Inc., 120 F.3d 1249, 1251 (Fed. Cir. 1997). This Court's predecessor, the Court of Claims, recognized that maritime contract disputes were not within its jurisdiction. See Southwest Marine of San Fransisco, 896 F.2d 532 at 534.

The scope of admiralty jurisdiction extends only to contracts that are "wholly maritime in nature." Marine Logistics, Inc. v. England, Secretary of the Navy, 265 F.3d 1322, 1323 (Fed. Cir. 2001). To determine whether a contract is wholly maritime, the Court looks to "the nature and subject-matter of

the contract, as whether it was a maritime contract, having reference to maritime service or maritime transaction." Umpqua Marine Ways, Inc. v. United States, 925 F.2d 409, 413 (Fed. Cir. 1991).

Contracts calling for "repair [or] renovation of an existing vessel is maritime in nature because 'in the baptism of launching she receives her name, and from the moment her keel touches the water, she is transformed, and becomes a subject of admiralty jurisdiction.'" Id. at 411 (quoting Tucker v. Alexandroff, 183 U.S. 424, 438 (1902)). However, if a vessel is not yet seaworthy, completion of the vessel is considered new construction, rather than repair and, thus, not maritime in nature. Northwest Marine Iron Works v. United States, 203 Ct. Cl. 629, 631, 493 F.2d 652, 653 (1974); see also New Bedford Dry Dock Co. v. Purdy, 258 U.S. 96, 96 (1922)(finding that repair of a vessel was maritime while construction was not, but "[n]or do we think that in cases like the instant one any refined distinction should be made between reconstruction and repairs").

The contract in this case required Thrustmaster to supply marine engines, floating containment systems and buoys, and "items directly related to marine equipment." A5-7 (Contract).[1] Subsequent modifications amended the contract to include Thrustmaster's mechanical bow thruster tunnel. Compl. at ¶ 9.

[1] Citations to "A__" refer to the appendix filed electronically.

The contract specifically excludes construction. A7(Contract). Notably, the contract also specifically states that it will provide "installation of boat modification packages." Id. The bow thruster is a propeller unit in the front, underside of the vessel that allows the craft to maneuver close to docks by giving steering ability to the bow of the vessel.

The contract thus requires Thrustmaster to provide items that are wholly maritime in nature. Replacement of the bow thrusters was part of routine repair and renovation for these vessels. A18-19 (Cost Estimate and Schedule for U.S. Army TACOM LSV ESP Technical Support). The bow thrusters are integral to the vessels' ability to steer from side to side. Also, these thrusters were to be installed as part of routine modernization and repair. Because contracts for the repair or renovation of vessels are maritime in nature, this Court does not possess jurisdiction to entertain the complaint.

## III. This Court Lacks Jurisdiction To Entertain The Complaint Insofar As It Seeks Money Because Thrustmaster Failed To Submit A Claim Or To Obtain A Final Decision Before Filing Its Complaint With This Court

### A. The Jurisdiction Of This Court Is Limited

Like its predecessor, the United States Court of Claims, the United States Court of Federal Claims is a court of limited jurisdiction. Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd, 758 F.2d 665 (Fed. Cir. 1984)(Table). Absent congressional consent to entertain a claim against the United

States, this Court lacks authority to grant relief. United States v. Testan, 424 U.S. 392, 399 (1976).

A waiver of sovereign immunity, and thus consent to be sued, must be expressed unequivocally and cannot be implied. Library of Congress v. Shaw, 478 U.S. 310 (1986); United States v. King, 395 U.S. 1, 4 (1969). Any grant of jurisdiction to this Court must be construed strictly, and all conditions placed upon such a grant must be satisfied before the Court may accept jurisdiction. United States v. Mitchell, 445 U.S. 535, 538 (1980); Pacrim Pizza Co. v. Pirie, 304 F.3d 1291, 1293 (Fed. Cir. 2002); Cosmic Constr. Co. v. United States, 697 F.2d 1389, 1390 (Fed. Cir. 1982) (failing to comply with timeliness requirements in the Contract Disputes Act). As the United States Court of Appeals for the Federal Circuit has stated, "[i]n construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress." Fidelity Constr. Co. v. United States, 700 F.2d 1379, 1387 (Fed. Cir. 1983).

### B. The Court Does Not Possess Jurisdiction To Entertain A Claim That A Contractor Has Not Presented To The Contracting Officer

Generally speaking, Congress has consented to be sued in this Court upon claims arising out of contracts with the Government, 28 U.S.C. § 1491(a). However, Congress established conditions upon that consent in cases involving contracts subject

to the CDA. One of those conditions provides, in pertinent part that: "[A]ll claims by a contractor against the government . . . shall be in writing and shall be submitted to the contracting officer for decision." 41 U.S.C. § 605(a). Compliance with section 605(a) is a jurisdictional prerequisite to the filing of a complaint in this Court. W.M. Schlosser Co., Inc. v. United States, 705 F.2d 1336, 1338-39 (Fed. Cir. 1983); Paragon Energy Corp. v. United States, 227 Ct. Cl. 176, 184, 645 F.2d 966, 971 (1981), aff'd 230 Ct. Cl. 884 (1982); Arono, Inc. v. United States, 49 Fed. Cl. 544, 548 (2001).

Thus, in order for the Court to possess jurisdiction under the CDA, there must be a valid claim presented to the contracting officer. See Rex Sys., Inc. v. Cohen, 224 F.3d 1367, 1372 (Fed. Cir. 2000); James M. Ellett Constr. Co. v. United States, 93 F.3d 1537, 1541 (Fed. Cir. 1996). The Court and its predecessor have repeatedly dismissed claims because a contractor did not present its claim to the contracting officer in accordance with the requirements of the CDA. See, e.g., Reliance Ins. Co. v. United States, 931 F.2d 863, 866 (Fed. Cir. 1991) (no jurisdiction to entertain bad faith claim not presented to the contracting officer); Atlanta Appraisal Services, Inc. v. United States, 54 Fed. Cl. 51 (2002) (no jurisdiction to entertain breach of contract claim that was not submitted to contracting officer); Witherington Constr. Corp. v. United States, 45 Fed. Cl. 208, 212

(1999) (no jurisdiction to entertain termination claim not made prior to suit); Earth Burners, Inc. v. United States, 43 Fed. Cl. 481, 489 (1999) (no jurisdiction to consider challenge to equitable adjustment award because contractor never submitted a termination settlement proposal).

C. A Termination For Default Is A Government Claim Separate And Distinct From Any Contractor Claim For Resulting Costs Or Damages

The CDA provides that: "All claims by the government against a contractor relating to a contract shall be the subject of a decision by the contracting officer." 41 U.S.C. § 605(a). The Government's decision to terminate a contract for default is a Government claim against a contractor. Malone v. United States, 849 F.2d 1441, 1443, modified on rehearing, 857 F.2d 787 (Fed. Cir. 1988); Lisbon Contractors, Inc. v. United States, 828 F.2d 759, 764-65 (Fed. Cir. 1987); Z.A.N. Co. v. United States, 6 Cl. Ct. 298, 305-06 (1984). The decision to terminate a contract for default is separate and distinct from a contractor's claim for termination for convenience costs. Sharman Co. v. United States, 2 F.3d 1564, 1568-70 (Fed. Cir. 1993), overruled on other grounds, Reflectone, Inc. v. Dalton, 60 F.3d 1572 (Fed. Cir. 1994); Witherington, 45 Fed. Cl. at 212.

In Sharman, there had been a final decision concerning a termination for default. Sharman, 2 F.3d at 1570. Both the Government and the contractor who had been terminated claimed

entitlement to unliquidated progress payments. The Court held that there was no jurisdiction over either parties' monetary claim because there had been no final decision of the contracting officer concerning the progress payments at the time the action was filed. Sharman, 2 F.3d at 1569. "'[T]he default claim and the demand for return of unliquidated progress payments are separate and distinct . . . for jurisdictional purposes.'" Id. at 1570 (quoting Crippen & Graen Corp. v. United States, 18 Cl. Ct. 237, 241 (1989)). Thus, the final decision concerning the default termination could not provide the Court a jurisdictional basis to consider the money claims. Id.

Sharman further holds that pending litigation concerning a claim deprives a contracting officer of power to decide it. "Once a claim is in litigation, the Department of Justice gains exclusive authority to act in the pending litigation. . . . That exclusive authority divests the contracting officer of any authority to issue a final decision on the claim." Sharman, 2 F.3d at 1571 (citations omitted). Thus, the Court held that a contracting officer's decision ordering progress payments to be returned was a nullity because it was issued after suit was brought. Id. at 1572. Similarly, because a contracting officer cannot award costs or damages for a default termination without reconsidering the propriety of the default, a contractor's claim for such costs or damages cannot be decided, or deemed denied,

while litigation challenging the default termination is pending.[2]

Here, as in Sharman, the contracting officer's decision upon which this suit was brought simply terminated the contract. It did not address any other claims. Thus, as in Sharman, the contracting officer's decision "could not provide a jurisdictional basis" for Thrustmaster's claims for money. Id.

Witherington applied Sharman to similar facts. There, a contractor brought suit, alleging that the Government had wrongfully terminated for default its contract to renovate and to alter buildings and asserting monetary claims associated with the termination, without first presenting to the agency those monetary claims arising from the allegedly improper termination. Witherington, 45 Fed. Cl. at 210. After the complaint was filed, the agency's contracting officer issued a "final decision" regarding those monetary claims. This Court held, however, that

[2] Some dispute has arisen regarding the limitations of the Sharman holding. See Kit-San-Azusa, J.V. v. United States, 32 Fed. Cl. 647, 663-64 (1995) (stating that Sharman implied "that when two 'mirror image' claims are 'effectively the same claim, but made by [opposing] part[ies],' that a CO final decision on either claim would suffice to confer upon this court jurisdiction over both"); but see Volmar Construction, Inc. v. United States, 32 Fed. Cl. 746, 756-57 (1995)(declining to apply Kit-San-Azuza and finding that Sharman does not alter "the jurisdictional requirement that both contractor and government claims be the subject of a final decision"). This case does not involve a mirror-image claim. Thrustmaster's claim for termination for convenience costs is not the mirror image of the Government's claim terminating the contract for default. Therefore, any dispute regarding the limitations of Sharman is inapplicable and will not be addressed further.

the "final decision" was ineffective, pursuant to 41 U.S.C. § 605, because those same claims were already before the Court. Applying Sharman, the Court concluded that it lacked jurisdiction to entertain the monetary claims arising from the contract termination and dismissed them. Id. at 212.

The distinction between a challenge to a termination for default and a demand for money damages is illustrated further by Deponte Investments, Inc. v. United States, 54 Fed. Cl. 112 (2002), which granted a motion to dismiss the claims for money damages. In Deponte, the complaint alleged that the termination for default was "unlawful" and sought "damages." Id. at 114. Like Thrustmaster in the present case, Deponte did not allege that it filed a claim for money damages with the contracting officer before the contracting officer issued her final decision. Id. at 115. Accordingly, citing Sharman, the Court granted the Government's motion to dismiss those portions of the complaint that sought money damages. Id.

The result in the present case should be the same as the result in Sharman, Witherington, and Deponte. The only claim presented to the contracting officer, or decided by her, was the Government's claim that the contract should be terminated for default. A15-17, A20 (Request to Rescind Termination and Final Decision). Thus, the only issue within the Court's jurisdiction is the propriety of the default termination. Assuming for

argument's sake that the default termination is overturned, then and only then, may Thrustmaster present a claim for monetary compensation to the Army, and a decision by the contracting officer could be the prerequisite for any further proceedings in this Court.

## CONCLUSION

For the foregoing reasons, the complaint should be dismissed for lack of jurisdiction or, in the alternative, the complaint's claims for termination for convenience damages should be dismissed by striking the allegations of the complaint that raise them.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Robert E. Kirschman, Jr.

ROBERT E. KIRSCHMAN, JR.
Assistant Director

| | |
|---|---|
| OF COUNSEL: | s/ Claudia Burke |
| TIMOTHY RYAN, CPT.<br>United States Department of the Army<br>U.S. Army Litigation Center<br>Attn: DAJA-LT<br>901 N. Stuart St. Suite 400<br>Arlington, VA, 22203-1837 | CLAUDIA BURKE<br>Attorney<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>Attn:Classification Unit<br>8th Floor<br>1100 L Street, N.W.<br>Washington, D.C. 20530<br>Tele:(202) 353-9063<br>Fax: (202) 307-0972 |
| October 16, 2003 | Attorneys for Defendant |

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on October ___, 2003, I caused to served electronically, a copy of DEFENDANT'S MOTION TO DISMISS," to:

Raymond Sherbill
Ridberg, Press & Sherbill
3 Bethesda Metro Center
Suite 650
Bethesda, MD 20814
(301)913-5770

s/ Claudia Burke