IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THRUSTMASTER OF TEXAS, INC.,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 03-1420C<br>(Senior Judge Bruggink) |

DEFENDANT'S REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND
DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO TRANSFER

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply to plaintiff's response to our motion to dismiss. Defendant also submits its response to plaintiff's, Thrustmaster of Texas, Inc. ("Thrustmaster"), motion to transfer.

The United States agrees that this case should be transferred to a United States District Court. However, the United States objects to plaintiff's request that this case be transferred to United States District Court for the District of Columbia.

Section 742 of Title 46 App. of the United States Code states that suits in admiralty:

> shall be brought in the district court of the United States for the district in which the parties so suing, or any of them, reside or have their principal place of business in the United States, or in which the vessel or cargo charged with liability is found.

46 App. U.S.C.A. § 742. Thrustmaster cites this provision in its motion to transfer, however, it arrives at the incorrect conclusion. In this case, the party suing, Thrustmaster, has its principal place of business in Texas. Complaint ¶ 1. Therefore, the district in Texas in which Thrustmaster resides would be one appropriate venue. Thrustmaster appears to argue that the United States' presence in Washington D.C. is sufficient to give the United States District Court for the District of Columbia jurisdiction. The statute states, however, that a suit in admiralty shall be brought in the district court "in which the parties so suing, or any of them," reside. In other words, the statute "permits venue to be placed in any district in which the party suing resides or has his principal place of business...." Chilean Line Inc. v. Main Ship Repair Corp. 232 F. Supp. 907, 909 (S.D.N.Y. 1964). The language "or any of them," therefore, refers to multiple suing parties, not to the party being sued.

The statute also allows suits in admiralty to be brought where "the vessel or cargo charged with liability is found." According to the complaint, the contract provided that the goods provided by Thrustmaster be installed in Virginia and Hawaii, where the vessels were located. Complaint ¶ 11. However, plaintiff does not allege that the vessels were located in either state at the time the complaint was filed. "A suit in personam against the United States, as a substitute for a libel in rem,

would not lie when the government vessel whose fault is alleged is not within the jurisdiction." Atlantic Fruit Co. v. U.S., 8 F.2d 81, 83 (S.D.N.Y. 1923); see Sherman v. United States, 246 F. Supp. 547, 548 (W.D. Mich. 1965); Simonowycz v. United States, 125 F. Supp. 847, 847 (N.D. Ohio 1954). Because no allegation has been made that the vessels were located in Virginia or Hawaii at the time of filing, transfer based upon location of the vessels is not appropriate.[1] Plaintiff does not allege the vessels were located in the District of Columbia.

Because the statute requires this case be brought either in Texas, where Thrustmaster maintains its place of business, or where the vessels are located at the time of filing, the United States objects to a transfer of this case to the District of Columbia, which houses neither Thrustmaster nor the vessels.

For these reasons, we respectfully oppose plaintiff's motion to transfer.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Robert E. Kirschman, Jr.

[1] At this time, the United States has not been able to verify the location of the vessels at the time of filing.

ROBERT E. KIRSCHMAN, JR.
Assistant Director

OF COUNSEL:

s/ Claudia Burke

TIMOTHY RYAN, CPT.
United States Department
of the Army
U.S. Army Litigation Center
Attn: DAJA-LT
901 N. Stuart St. Suite 400
Arlington, VA, 22203-1837

CLAUDIA BURKE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn:Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele:(202) 353-9063
Fax: (202) 307-0972

December 31, 2003

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 31, 2003, I caused to served electronically, a copy of "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO TRANSFER," to:

Raymond Sherbill
Ridberg, Press & Sherbill
3 Bethesda Metro Center
Suite 650
Bethesda, MD 20814
(301)913-5770

s/ Claudia Burke